IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LIONEL S. LAWRENCE, SR., | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| | : | NO. 12-CV-642 |
| vs. | : | |
| | : | |
| MENTAL – HEALTH DOCTOR, | : | |
| ET AL., | : | |
| Defendants. | : | |

**M E M O R A N D U M**

**STENGEL, J.**                                                                                                                        **March 27, 2013**

Plaintiff, Lawrence Lionel, *pro se*, filed a Complaint on February 16, 2012. (Doc. No. 1) against Judges of the Court of Common Pleas of Philadelphia County, specifically the Honorable Daniel J. Anders, the Honorable Harold N. Kane, the Honorable Rosalyn K. Robinson, and the Honorable Peter F. Rogers (hereinafter "Judicial Defendants"), Mental - Health Doctor, the Criminal Justice Center, the Defender Association Of Philadelphia, the District Attorney Office Of Philadelphia, and the City of Philadelphia.

**I.     Background**

The Complaint alleges that Plaintiff's civil rights were violated by the ordering of numerous continuances in his criminal case, which was proceeding in the courts of the First Judicial District of Pennsylvania.[1]  (Comply. p. 3). He also generally asserts discrimination, due to the color of his skin, by the judges of that court, and discrimination by a mental health doctor who allowed another person to go before him in line.  (See

---

[1] On or about January 4, 2011, Plaintiff was arrested and charged in a criminal case. During the disposition of the case, the Defendant, the Defender Association moved four (4) times for continuances and sought multiple mental health evaluations to ascertain Plaintiff's competency to stand trial.  Plaintiff then sought to proceed pro se in that criminal action and the Defender Association was removed as back-up counsel when this action was filed.

generally Compl.) Additionally, Plaintiff claims that Judicial Defendants failed to send him continuance letters and never allowed his case to go to trial.

Plaintiff asks that Judicial Defendants are removed from their judicial positions, be fined, and sent to jail. Additionally, Plaintiff requests $1,000,000,000.00 (One Billion Dollars) in compensatory damages (Pl's Compl. at 4). The Defendants, who have been served, responded to the Complaint with three motions to dismiss for failure to state a claim. For the reasons set forth below, I will grant the motions without prejudice.

**II.    Standard of Review**

A complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint need not contain detailed factual allegations, but a plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action" to show entitlement to relief as prescribed by Rule 8(a)(2). Id. at 1965; Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005). A defendant may attack a complaint by a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

In deciding a motion to dismiss under Rule 12(b)(6), the court is required to accept as true all of the factual allegations in the complaint, Erickson v. Pardus, 551 U.S. 89 (2007), and all reasonable inferences permitted by the factual allegations, Watson v. Abington Twp., 478 F.3d 144, 150 (3d Cir. 2007), viewing them in the light most

2

favorable to the plaintiff, Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007). The court is not, however, "compelled to accept unsupported conclusions and unwarranted inferences or a legal conclusion couched as a factual allegation." Baraka v. McGreevey, 481 F.3d 187, 195 (3d Cir. 2007) (quotations and citations omitted). If the facts alleged are sufficient to "raise a right to relief above the speculative level" such that the plaintiff's claim is "plausible on its face," a complaint will survive a motion to dismiss. Bell Atlantic Corp., 127 S. Ct. at 1965, 1974; Victaulic Co. v. Tieman, 499 F.3d 227, 234-35 (3d Cir. 2007).

When presented with a *pro se* complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged. Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003); Youse v. Carlucci, 867 F. Supp. 317, 318 (E.D. Pa. 1994). Such a complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." Estelle v. Gamble, 429 U.S. 97, 106 (1976).[2]

### III. Discussion

I am well-aware of the need to construe this *pro se* complaint liberally. See Erickson, 127 S. Ct. at 2200. However, even with the most generous read, Plaintiff's Complaint suffers insurmountable deficiencies.[3] Plaintiff's Complaint does not satisfy

---

[2] It is important to note that the *pro se* Complaint is difficult to understand. Interpreting those claims, Plaintiff is intending to assert, has likewise, proven to be difficult. In "liberally construing" the Complaint, I have considered all of Plaintiff's causes of action and construed any facts and law pleaded in the Complaint in the light most favorable to the Plaintiff.

[3] Pro se litigants are not free to ignore the Federal Rules of Civil Procedure. Klein v. U.S. Bank, 2010 U.S. Dist. LEXIS 128328 (M.D. Pa. Nov. 15, 2010).

Rule 8 of the Civil Rules of Procedure and cannot survive a motion to dismiss for failure to state a claim under 12(b)(6).  In order to comply with Rule 8, a Complaint must contain at least a modicum of factual specificity, identifying the particular conduct of the defendant that is alleged to have harmed the plaintiff, so that the court can determine that the complaint is not frivolous and a defendant has adequate notice to frame an answer. Frazier v. Southeastern Pennsylvania Transp. Auth., 785 F.2d 65, 68 (3d Cir. 1986).  The Complaint contains vague citations to Federal law and the violations that allegedly occurred.  Plaintiff alleges no facts in the Amended Complaint.

With regard to the City of Philadelphia Plaintiff fails to state any cognizable legal claim against the City.  Plaintiff's Complaint alleges issues arising from the operation of the courts of the First Judicial District of Pennsylvania, which is not an entity of the City of Philadelphia.[4]  Therefore, Plaintiff has not pled facts that, even taken in the light most favorable to him, could show the Defendant City of Philadelphia is liable for the misconduct alleged.  Griffin-El v. Beard, Civil Action No. 06-2719, 2009 U.S. Dist. 92975 (E.D. Pa. Oct, 6, 2009) (quoting) Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

Further, the allegations set forth in the Complaint against the Judicial Defendants are insufficient to meet the requisite pleading standards as they are merely conclusory statements.  Twombly, 127 S. Ct. at 1965 (A plaintiff must state facts in his complaint, not merely legal "labels and conclusions," to withstand a motion to dismiss).  Plaintiff asserts that Judicial Defendants racially discriminated against him based on the color of

---

[4] The First Judicial District is a part of the unified judicial system of Pennsylvania subject to the control of the state supreme court. Callahan v. City of Philadelphia, 207 F.3d 668, 673 (3d Cir. 2000).

4

his skin and violated his civil rights, without providing any factual averments to support this claim. (Pl's Compl. at 3).

The complete lack of facts, when taken in the light most favorable to the Plaintiff, is insufficient to provide fair notice to the Defendants and to enable them to formulate a defense. Additionally, none of the subsequent filings shed light on the Plaintiff's proposed claims. However, because the Plaintiff is *pro se* and I am dismissing the Complaint based on insufficient pleadings, I will not dismiss the entire Complaint with prejudice. Moss v. United States, 329 Fed. Appx. 335 (3d Cir. 2009) (holding that a court may not dismiss the complaint pursuant to Rule 8(a) without first giving the litigant an opportunity to amend the defective pleading).[5] However, as the Judges are immune from suit in their judicial capacities, I will dismiss the action against them with prejudice.[6] The public defender is also immune when sued under § 1983; therefore, to the extent that the Plaintiff is suing under that cause of action, the case is dismissed with prejudice. See Polk County v. Dodson, 454 U.S. 312, 325 (1981) (footnote omitted); Angelico v. Lehigh Valley Hosp., Inc., 184 F.3d 268, 277 (3d Cir.1999); Black v. Bayer, 672 F.2d 309 (3d Cir. 1982). I will dismiss the remaining claims without prejudice and afford the Plaintiff another opportunity to serve and issue a Complaint against the remaining defendants which complies with Rule 8(a).

---

[5] Additionally, pursuant to my June 25, 2012 Order (Doc. No. 5), I will dismiss the entire action without prejudice for lack of prosecution as to those parties who the Plaintiff has yet to serve in accordance with Rule 4(m).

[6] The Judges are protected in a number of capacities against suit. Specifically, Judicial Defendants, acting in their official capacity, are not "persons" who can be sued under 42 U.S.C. § 1983; Plaintiff's claim for damages against Judicial Defendants is barred by the doctrine of absolute judicial immunity; and Eleventh Amendment immunity bars Plaintiff's claims against Judicial Defendants in their official capacity. See Will v. Michigan Department of State Police, 491 U.S. 58, 63 (1989); Stump v. Sparkman, 435 U.S. 349, 356 (1978); Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006); Lombardo v. Pennsylvania, Dept. of Public Welfare, 540 F.3d 190, 194-95 (3d Cir. 2008).

5

## IV. Conclusion

For the reasons discussed above, I will grant the Defendants' motions to dismiss.

An appropriate Order follows.